IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAY 0 6 2011

BY _____
DEPUTY CLERK

| | |
|---|---|
| LISA BUTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. _____ ) (JURY DEMAND) |
| HARPETH VALLEY UTILITIES DISTRICT and JOHN BROWN, in his official and individual capacities, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Comes now Plaintiff, Lisa Butler, by and through her counsel and files with this Court her Complaint for discrimination in violation of Title 7 and Section 1981 against Defendants, Harpeth Valley Utilities District (hereinafter "Harpeth Valley") and John Brown in his official and individual capacities. In support of her cause of action against the named Defendants, Ms. Butler states as follows:

I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4), 42 U.S.C. § 1981 and Title 7 of the Civil Rights Act of 1964. Venue is appropriate in this District Court under 28 U.S.C. § 1391(a) and (c). Finally, this Court has specific jurisdiction over Defendants by virtue of Defendants having committed the tort at issue in Davidson County, Tennessee.

II.

### PARTIES

2. The Plaintiff, Lisa Butler, is a citizen of the State of Tennessee, residing at 404 Royal Crossings, Franklin, Williamson County, Tennessee, 37064. At all times material to this action, Ms. Butler was an employee of Harpeth Valley Utilities District.

3. Harpeth Valley Utilities District is a public utility and is incorporated under the laws of the State of Tennessee. Its physical location and principal place of business is 5910 River Road, Nashville, Davidson County, Tennessee, 37209.

4. The Defendant, John Brown, in his official capacity at Harpeth Valley Utilities District was the General Manager. Mr. Brown is a citizen of the State of Tennessee, residing at 173 Baltusrol Road, Franklin, Tennessee, 37069. At all times material to this action, Mr. Brown was the General Manager of Harpeth Valley Utilities District.

### III.

### NATURE OF COMPLAINT

5. This action is brought by Plaintiff, Lisa Butler, who is an African-American female and was employed by Harpeth Valley as the Customer Service Manager. While employed at Harpeth Valley, Ms. Butler was subject to discrimination based upon her race. The conditions at Harpeth Valley became so adverse Ms. Butler had to voluntarily resign on or about September 1, 2010.

### IV.

### CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

6. Ms. Butler has fulfilled all conditions necessary to the institution of this action under Title VII. Ms. Butler has received her notice of Right-to-Sue from the

United States Department of Justice. Ms. Butler's claim arising under 42 U.S.C. § 1981 does not require administrative exhaustion.

## V.

## STATEMENT OF FACTS

7. Ms. Butler began working at Harpeth Valley in October of 2005. Her title was Customer Service Representative. Her work performance was so strong for Harpeth Valley that she became the manager for the customer service division. The job of Customer Service Manage required Ms. Butler to supervise subordinate employees.

8. While working at Harpeth Valley Ms. Butler was subjected to discrimination motivated by her race. First, Ms. Butler as the only African-American manager at Harpeth Valley, she was not given access to the company credit card. Further, based upon information and belief, she received a lower percentage of increase of rate of pay than white employees.

9. Further, Ms. Butler unlike other managers at Harpeth Valley did not receive support or assistance while working at Harpeth Valley. Ms. Butler had subordinates go over her head to the general manager and issue complaints not following the chain of command which was applicable to all white managers.

10. Further, Ms. Butler was the only manager who did not report directly to John Brown, General Manager of Harpeth Valley. She reported to Michelle Sadler who was a lateral employee not her direct supervisor. This is evidence of the continuing environment discrimination which occurred while Ms. Butler continued to work at Harpeth Valley.

11. Finally, Defendant, John Brown in his role as general manager allowed this hostile work environment to fester and grow at Harpeth Valley. For example, Mr. Brown would admonish Ms. Butler's co-workers that "Don't be kissing her ass" and "I am not scared of her". These comments were motivated by Ms. Butler's race and fostered a hostile work environment.

12. The above discussed actions by Harpeth Valley and Defendant, John Brown, in his official and individual capacities, violated Title 7 of the Civil Rights Act of 1964, Section 1981 and the United States Constitution.

## VI.

## COUNT ONE

### RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

13. Ms. Butler incorporates all above allegations contained in paragraphs 1 through 12.

14. Ms. Butler was subjected to disparate treatment, disparate impact and harassment as a result of her race during her employment at Harpeth Valley in violation of Title VII of the Civil Rights Act of 1964 as amended.

15. During her employment, Ms. Butler was subjected to disparate treatment because white managers were provided privileges which were denied to Ms. Butler because of her race. For example, white employees were provided a company credit card to make work related purchases while Ms. Butler, the only African American manager, was required to use her personal credit card. Further, white managers reported directly to the general manager while Ms. Butler reported to a fellow white manager. As a result of this disparate treatment Ms. Butler suffered extreme harm.

16. During her employment, Ms. Butler was subjected to disparate impact employment practices because of her race. Ms. Butler did not receive the same level of support from upper management, which created an environment where subordinates felt empowered to openly question Ms. Butler's supervisory authority. In comparison, white managers received support from upper management and their supervisory authority was supported from the top down. Further, based upon information and belief, Ms. Butler was paid at a lower rate and received a smaller increase of pay in comparison to white employees. As a result of this disparate impact Ms. Butler suffered extreme harm.

17. During her employment, Ms. Butler was subjected to a level of harassment motivated by her race which resulted in her resigning from Harpeth Valley in September 2010. Ms. Butler was the only African American at Harpeth Valley and was treated differently than her fellow white managers. Ms. Butler, unlike the white managers, did not report directly to the general manager. Ms. Butler was regulated to second class citizenry of reporting to a co-manager. Further, Ms. Butler was left on an island in her managerial position and received little to no upper management support. This lack of support created an environment where subordinate employees felt empowered to question Ms. Butler's authority. As a result of this harassment Ms. Butler suffered extreme harm and had to quit her job.

18. Harpeth Valley's disparate treatment, disparate impact and harassment of Ms. Butler because of her race violated Title VII of the Civil Rights Act of 1964 as amended.

## VII.

## COUNT TWO

## VIOLATION OF 42 U.S.C. § 1981

19. Ms. Butler incorporates all above allegations contained in paragraphs 1 through 18.

20. Harpeth Valley and John Brown in his official and individual capacity violated 42 U.S.C. § 1981 because they created and permitted a hostile work environment which altered the terms, conditions and/or privileges of Ms. Butler's employment.

21. Harpeth Valley and John Brown in his official and individual capacity violated 42 U.S.C. § 1981 because they failed to provide Ms. Butler the same support as other white managers.

22. Harpeth Valley and John Brown in his official and individual capacity violated 42 U.S.C. § 1981 because they treated Ms. Butler differently than white managers by failing to allow Ms. Butler access to the company credit card and based upon information and belief paid her a lower rate of pay and increased her pay at a lower rate compared to white managers.

23. Harpeth Valley and John Brown in his official and individual capacity violated 42 U.S.C. § 1981 because they failed to provide Ms. Butler with the same support and supervisory authority as other white managers.

24. Harpeth Valley and John Brown in his official and individual capacity violation of 42 U.S.C. § 1981 caused Ms. Butler extreme harm.

# VIII.

## PRAYER FOR RELIEF AGAINST HARPETH VALLEY AND JOHN BROWN IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

WHEREFORE, Ms. Butler seeks and requests the following:

a. Acceptance of jurisdiction of this cause;

b. An award if back pay, front pay, loss of benefits and other equitable relief for Ms. Butler;

c. An award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

d. An award of attorney fees and costs related to the prosecution of this claim and cause of action;

e. Pre-judgment interest;

f. Such other and further relief as the Court deem just and proper.

Respectfully submitted,

*[signature]*

GORDON C. AULGUR
Registration No. 19953
Attorney for Plaintiff

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW**
611 Commerce Street, Suite 2600
Post Office Box 23890
Nashville, TN 37202-3890
(615) 256-8787